UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND,
EDUCATION AND TRAINING FUND AND
OTHER FUNDS, ALFRED G. GEROSA in his
fiduciary capacity as Trustee of the Cement and
Concrete Workers District Council Welfare
Fund, Pension Fund and Annuity Fund, and
ALEXANDER J. CASTALDI as President of
the Cement and Concrete Workers District
Council and in his fiduciary capacity as a
Trustee of the Education and Training Fund,

                Plaintiffs,

    -against-

METRO FOUNDATION CONTRACTORS
INC.,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-4563 (FB) (SMG)

*Appearances:*
*For the Plaintiffs:*
JOSEPH S. KAMING, ESQ.
Kaming & Kaming
l56 East 65th Street
New York, NY 10021

*For the Defendant:*
BRYAN HA, ESQ.
271 Madison Avenue
20th Floor
New York, NY 10016

**BLOCK, Senior District Judge:**

        On November 13, 2008, plaintiffs filed a complaint seeking recovery of unpaid benefit contributions, statutory and contractual damages, attorney's fees, costs and interest from defendant Metro Foundation Contractors, Inc. ("Metro"); plaintiffs also seek a permanent injunction and an order requiring Metro to permit plaintiffs to audit their books. Plaintiffs duly served Metro, *see* Kaming Aff., Ex. 2 (Summons, Complaint, and Affidavit of Service), and after Metro failed to

appear, plaintiffs moved for a default judgment on February 13, 2009.  *See* Docket Entry No. 4 (Motion).  Metro -- attempting to appear *pro se* through its principal, Anthony Lazarro[1] -- sent a letter to Magistrate Judge Gold, opposing plaintiffs' motion on the basis of ineffective service.  Magistrate Judge Gold extended Metro's time to answer the complaint to June 5, 2009, noting that "[t]he parties report that they intend to use this additional time to try to settle their dispute and avoid the necessity of [Metro] retaining counsel."  April 7, 2009 Minute Entry.  Metro, however, failed to answer the complaint or retain counsel by that date.

The parties subsequently scheduled an audit of Metro's books, and Magistrate Judge Gold stayed the plaintiffs' motion.  On the scheduled audit date, Metro failed to make its books available, and Magistrate Judge Gold again stayed this matter for approximately two months to allow Metro to appear through counsel, as well as to allow plaintiffs to audit its books.  *See* August 6, 2009 Minute Entry.  In accordance with the magistrate judge's stay, the Court denied plaintiffs' motion for a default "with leave to re-file if the matter is not resolved or the defendant has not obtained counsel by [September 30, 2009]."  September 16, 2009 Electronic Order.  Metro did not appear through counsel by that date, and plaintiffs re-filed their motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

Metro retained counsel after plaintiffs re-filed their motion, and it submits papers which purport to oppose that motion.  However, Metro does not deny its liability for the benefit contributions here at issue, nor does it provide any reason why it could not retain counsel before September 30, 2009. Accordingly, after defaulting in this action, *see* Docket Entry No. 17 (Clerk's Entry of Default), Metro provides no basis for the Court to deny plaintiff's motion.

---

[1]"[A] corporation may not appear in a lawsuit against it except through an attorney." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006).

Metro requests only that the Court "refer this matter to a magistrate judge to determine the actual amount of unpaid benefits and any interest[], attorneys' fees and cost related thereto that Plaintiffs may be entitled to." Def.'s Mem. Opp. at 2. As Metro's default is an admission of all well-pleaded allegations in the complaint except those relating to damages, *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."), Metro will be afforded such an opportunity. *Id.* (In the event of a default, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount.").

The Court must nevertheless determine whether the allegations state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."). Plaintiffs allege that Metro was a party to a collective bargaining agreement ("CBA"), pursuant to which Metro was responsible for benefit contribution payments on behalf of its covered employees. *See* Compl. at 8. Plaintiffs allege that certain of Metro's employees were covered by the CBA, that Metro's benefit contributions were "due and owing," Compl. at 10, and that "[n]o part of these contributions contractually due plaintiffs ... has been paid by [Metro]." Compl. at 11.

These allegations – now deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of ERISA. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Thus,

plaintiffs' motion for a default judgment is granted.

Having established a violation of § 1145, plaintiffs are entitled to the remedies set forth in § 1132(g)(2), as well as any additional damages stemming from Metro's breach of the CBA; the matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 4, 2010