UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND,
EDUCATION AND TRAINING FUND AND
OTHER FUNDS, et al.,

                        Plaintiffs,                  REPORT and
                                                           RECOMMENDATION

                      -against-                                      CV-08-4563 (FB)

METRO FOUNDATION CONTRACTORS INC.,

                        Defendant.
------------------------------------------------------------X
GOLD, S., U.S.M.J.:

## Introduction

      Plaintiffs, various employee benefit funds ("Funds") and a fiduciary of the Funds, bring this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to recover monies allegedly owed by defendant Metro Foundation Contractors Inc. ("Metro") to various benefit funds for delinquent contributions for May and June of 2008. They also seek to recover interest, liquidated damages, and attorney's fees and costs pursuant to ERISA.

      Upon plaintiffs' application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendants on February 13, 2009. Docket Entry 5. Thereafter, defendant's principal, Anthony Lazarro, attempted to appear in this action on behalf of Metro. The parties attempted to resolve their dispute but to no avail and plaintiffs refiled their motion for default judgment on October 8, 2009. Docket Entry 12. Metro then retained counsel and filed its opposition to plaintiffs' motion. *See* Docket Entries 16-

9 and 16-10. In its opposition, however, Metro did not deny its liability but sought an inquest as to the amount of damages. *Id*.

In a Memorandum and Order dated March 4, 2010, the Honorable Frederic Block found that defendant Metro breached its collective bargaining agreement ("CBA") with plaintiffs and was therefore liable to plaintiffs pursuant to ERISA. Docket Entry 18. Judge Block then referred the matter to me to report and recommend on the amount of damages. *Id*. The parties again attempted to resolve this case on their own. After defendant failed to cooperate on numerous occasions with plaintiffs' attempts to conduct an audit of Metro's books and records, I granted defendant an opportunity to submit any opposition to plaintiffs' motion. *See* Order dated Aug. 31, 2010. Despite several opportunities to do so, defendant failed to file any opposition.

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Plaintiffs have submitted an attorney's affirmation calculating the amounts due and owing, a copy of the relevant CBA, remittance reports, and an auditor's affidavit. Docket Entry 16. As

noted above, defendant has not submitted any opposition pertaining to damages. Accordingly, a hearing on the issue of damages is not warranted.

Plaintiffs seek $21,615.09 in unpaid contributions for May and June of 2008. Kaming Aff. ¶ 14, Docket Entry 16-3 at 4; Kilada Aff. ¶ 9, Docket Entry 16-13. Because Metro failed to submit remittance reports for these two months, plaintiffs calculate the amount due and owing based on a provision in the CBA. Specifically, Article XI, Section 10(b) of the CBA provides that, where an employer fails to provide the necessary books and records, the Trustees may calculate the contributions due and owing by using "the highest number of Employee hours for any month during the twelve (12) preceding months . . . for which reports were filed." Docket Entry 16-3 at 37. Using the records for April, 2008, which indicate a total of $16,687.67 in contributions, Docket Entry 16-3 at 52-55, the Trustees calculate that Metro owes $33,375.34 total in contributions for May and June, 2008. Kaming Aff. ¶ 14. Plaintiffs, however, did receive a payment of $11,760.25 from Metro toward these contributions. *Id*. Thus, Metro's outstanding contributions amount to $21,615.09. Plaintiffs' calculations are supported by the records and appear correct. Accordingly, I find that plaintiffs have established that they are owed $21,615.09 in unpaid contributions for May and June of 2008 and recommend that they be awarded this amount.

Plaintiffs seek interest at the rate of 18% per annum on the unpaid contributions, beginning from July 1, 2008. For ERISA violations, Section 1132 states that interest is calculated "using the rate provided for under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). The CBA here provides for interest at the rate of 18% per annum. CBA Art. XI, Section 10(f). Thus, I recommend that plaintiffs be

3

awarded interest on the unpaid contributions at the rate of 18% per annum, beginning from July 1, 2008, to be calculated by the Clerk of the Court at the time of judgment.

Plaintiffs also seek liquidated damages. Section 1132(g)(2)(C) provides for liquidated damages in an amount equal to the *greater* of interest on unpaid contributions, or an amount provided for in the governing plan not to exceed twenty percent of the delinquent contributions. 26 U.S.C. § 1132(g)(2). According to Article XI, Section 10(f) of the CBA, the Funds are entitled to liquidated damages in the amount of 20% of the unpaid contributions, which would total $4,323.02 here.[1] I therefore recommend that the Funds be awarded $4,323.02 in liquidated damages.

The Funds are also entitled to recover reasonable attorney's fees and costs. Upon a finding that defendant has been delinquent in paying contributions, liability for attorney's fees under § 1132(g)(2) is mandatory. *See Iron Workers Dist. Council of W. N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995). All claims for attorney's fees in the Second Circuit must comply with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), which requires that contemporaneous time records be submitted with all fee applications. *See also Plumbers Local No. 371 Joint Plumbing Indus. Bd. Pension Fund v. Frank Liquori Plumbing & Heating, Inc.*, 1996 WL 445065 at *5 (E.D.N.Y. June 26, 1996) (acknowledging that attorney's fees are mandatory under § 1132(g)(2), but denying fees where plaintiff failed to comply with the requirements of *Carey*). In the Second Circuit, courts determine a "presumptively reasonable

---

[1] At the time plaintiffs filed their motion for default judgment in October, 2009, plaintiffs calculated the accrued interest as totaling at least $4,863.40. Pursuant to ERISA, plaintiffs are entitled to the *greater* of the interest or liquidated damages provision. Plaintiffs, however, specifically request 20% in liquidated damages in their default motion.

fee" award by calculating the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008).

Counsel has submitted contemporaneous time records with the Funds' application for damages. Kaming Aff. of Attorneys' Services, Docket Entry 16-5. The Funds seek reimbursement for $3,543.75 in attorney's fees. *Id*. The hourly rate of $175 for an attorney with twenty-five years experience and the 20.25 hours expended are reasonable and should be approved. *See Gesualdi v. Hardin Contracting, Inc.*, 2010 WL 1048821, at *5 (E.D.N.Y. Feb. 16, 2010) (finding higher hourly rate to be reasonable for experienced labor law attorney); *La Barbera v. Cab II Enters., Inc.*, 2009 WL 2447498, at *8 (E.D.N.Y. Aug. 10, 2009) (same). In addition, plaintiffs seek $445 in costs for filing and service, Kaming Aff. ¶ 18(b), but they failed to submit any documentation in support of an award of their costs.[2] Nonetheless, the docket sheet indicates that plaintiffs paid $350 for filing and $40 to serve the corporation through the Secretary of State. *See* Docket Entries 1, 2. I therefore recommend an award of $390 in costs. Thus, I respectfully recommend that plaintiffs be awarded a total of $3,933.75 in attorney's fees and costs.

## **Conclusion**

For the reasons stated above, I respectfully recommend that judgment be entered against Metro in the amount of $29,871.86, comprised of $21,615.09 in unpaid contributions, $4,323.02 in liquidated damages, and $3,933.75 in attorney's fees and costs. I also recommend that Metro

---

[2] In their Statement for Judgment, Docket Entry 16-4, plaintiffs allege service was $75 and they seek to impose a $20 "statutory" cost. Plaintiffs, however, failed to submit any documentation to support an award of costs in these amounts.

be held liable for additional interest on the $21,615.09 at the rate of 18% per annum beginning from July 1, 2008 to the date of judgment, to be calculated by the Clerk of the Court.

Any objections to this Report and Recommendation must be filed within fourteen days of this Report and in any event no later than December 30, 2010. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve copies of this Report and Recommendation upon defendant at its last known address, and to file proof of service with the Court.

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

**Brooklyn, New York**
**December 13, 2010**

*U:\eoc 2010\damages inquests\cement v metro.wpd*

6