UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------x

CEMENT AND CONCRETE WORKERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND,
EDUCATION AND TRAINING FUND
AND OTHER FUNDS, ALFRED G.
GEROSA in his fiduciary capacity as
Trustee of the Cement and Concrete
Workers District Council Welfare Fund,
Pension Fund and Annuity Fund, and
ALEXANDER J. CASTALDI as President of
the Cement and Concrete Workers District
Council and in his fiduciary capacity as a
Trustee of the Education and Training
Fund,

              Plaintiffs,

    -against-

METRO FOUNDATION CONTRACTORS
INC.,

              Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-4563 (FB) (SMG)

*Appearances:*
*For the Plaintiffs:*
JOSEPH S. KAMING
Kaming & Kaming
156 East 65th Street
New York, NY 10021

*For the Defendant:*
BRYAN HA
271 Madison Avenue
20th Floor
New York, NY 10016

**BLOCK, Senior District Judge:**

        On December 13, 2010, Magistrate Judge Steven M. Gold issued a Report and

Recommendation ("R&R") recommending that judgment be entered against defendant in

the amount of $29,871.86, comprised of $21,615.09 in unpaid contributions, $4,323.02 in

liquidated damages, and $3,933.75 in attorney's fees and costs. *See* R&R at 5. Magistrate

Judge Gold further recommended that interest at 18% per annum be applied to the unpaid contributions from July 1, 2008 through the date of judgment. Plaintiffs served a copy of the R&R on defendant on December 15, 2010.

Defendant timely objected to the R&R, arguing that (1) Magistrate Judge Gold's award of unpaid contributions was "clearly erroneous" because plaintiffs had not submitted "detailed affidavits and documentary evidence" to support their request for damages, and that (2) Magistrate Judge Gold's award of attorney's fees was "clearly erroneous" because plaintiffs' attorney did not submit "contemporaneous" time records. *See* Def.'s Ob. at 1, 2. After reviewing those determinations *de novo, see* 28 U.S.C. § 636(b)(1), the Court modifies the R&R by denying plaintiffs' request for attorney's fees.

I

## A. Unpaid Contributions

Defendant argues, without citing legal authority, that Magistrate Judge Gold's reliance on a provision in the parties' collective bargaining agreement ("CBA") to calculate unpaid contributions, "unsupported by any evidence of actual damages, is alone insufficient to provide a basis for determining damages under Fed. R. Civ. P. 55(b)(2)." Def.'s Ob. at 2.

To determine damages when entering a default judgment, a court may consider "detailed affidavits and documentary evidence." *Fustok v. Conticommodity Svcs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *see also* Fed. R. Civ. P. 55(b)(2).

The CBA obligated defendant to make its books and records available for audit to ensure that its contributions were paid in full. In the event defendant failed to

make its books and records available, as here, the CBA stated that the amount due was to be calculated by using "the highest number of Employee hours for any month during the twelve (12) preceding months . . . for which reports were filed." Docket Entry 16-3 at 37. Accordingly, plaintiffs submitted in support of their claim for damages an attorney's affirmation, the CBA, prior remittance reports, and an auditor's affidavit stating that he was denied access to defendant's books and records; defendant submitted no opposition.

The only direct evidence of actual damages are defendant's books and records, which it has refused to make available. Magistrate Judge Gold considered the affidavits and documentary evidence submitted by plaintiffs and found them adequate to establish damages. The Court has reviewed the same evidence and also found them adequate.

## B. Attorney's Fees

Defendant argues that Magistrate Judge Gold should not have awarded attorney's fees because plaintiffs failed to submit contemporaneous time records. While attorney's fees are mandatory under 26 U.S.C. § 1332(g)(2), lawyers seeking attorney's fees "must document the application with contemporaneous time records . . . [which] should specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The rule requiring contemporaneous time records is "a strict rule from which attorneys may deviate only in the rarest of cases." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010).

Plaintiffs' attorney supplied an affidavit which includes the attorney, the

date, the hours expended, and the nature of the work done; however, the affidavit does not state that the list of hours was reconstructed from contemporaneous time records, nor that the attorney kept contemporaneous time records. Accordingly, plaintiffs' attorney has failed to comply with the requirements set forth in *Carey*, and his application for attorney's fees must be denied.

## II

With regard to the portions of the R&R to which no objections were filed, the Court will conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

## III

The Court modifies the R&R by removing the award of attorney's fees; judgment should be entered against defendant in the amount of $26,328.11, comprised of $21,615.09 in unpaid contributions, $4,323.02 in liquidated damages and $390 in costs. Defendant is liable for additional interest on the $21,615.09 at the rate of 18% per annum, from July 1, 2008 to the date of judgment, to be calculated by the Clerk of the Court.

**SO ORDERED**.

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 16, 2011

4